IN THE UNITED STATES DISTRICT COURT IN AND FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| FOWERS FRUIT RANCH, LC et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>BIO TECH NUTRIENTS, LLC,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Civil No. 2:11−cv−00105−TC |

    During trial the court raised the issue of jurisdiction and asked the parties to submit affidavits or declarations that would establish diversity citizenship in accordance with 28 U.S.C. § 1332.  Sherryl Fowers filed a declaration (ECF No. 157) that states that in January 2011, when the Complaint (ECF No. 2) was filed, the Plaintiff's citizenship was Utah and exclusively Utah—the two sole members of the Fowers Fruit Ranch, LLC, were Ms. Fowers and Lynn Fowers who were both citizens of Utah.

    Patricia Maureen Green filed an affidavit (ECF No. 155) that states that the sole member of Defendant Bio Tech Nutrients, LLC, is the ASB Trust of which Ms. Green is a trustee.  The trust's three trustees reside in Nevada and California, and the beneficiaries are from Arizona, California, Colorado, Hawaii, Missouri, and Nevada.  Counsel for the Defendant proffered that the trustees and beneficiaries reside in and intend to continue residing in those states indefinitely.

    Because complete diversity existed at the time the suit originated and more than $75,000 is in controversy, the court has jurisdiction.  Freeport-McMoRAN, Inc., v. K N Energy, Inc., 498

U.S. 426, 427–29 (1991) (per curiam).  It is true that some of the Plaintiff's property was transferred to a trust in July of 2012, but that does not affect the court's jurisdiction.  Id. at 428.

In July 2013, the complaint was amended to add these Plaintiffs: S&L Farms, LLC, and Ms. and Mr. Fowers both individually and as trustees of two trusts.  The membership of S&L Farms and the trustees of the trusts are Ms. and Mr. Fowers, only.  The beneficiaries of the trusts include citizens of Utah and Arizona.  Even though a beneficiary of the Plaintiffs' trusts is a citizen of Arizona and a beneficiary of the Defendant's member trust is a citizen of Arizona the court has jurisdiction because jurisdiction is based on when the original complaint was filed.  Id.

Even if the original complaint had included Ms. and Mr. Fowers as trustees of the trusts, the real plaintiffs in interest were the trustees and not the trusts.  Only the Plaintiff trustees' citizenship matters in this context.  Navarro Savings Ass'n v. Lee, 446 U.S. 458, 460–61 (1980); ConAgra Foods, Inc. v. Americold Logistics, LLC, 776 F.3d 1175, 1181 (10th Cir.) (citing Lenon v. St. Paul Mercury Insurance Co., 136 F.3d 1365, 1370 (10th Cir. 1998), as an example of a situation when a trustee's citizenship only is material), cert. granted, 136 S. Ct. 27 (2015).

For these reasons, the court finds that it has jurisdiction over this case.

DATED this 11th day of February, 2016.

                                                  BY THE COURT

                                                  TENA CAMPBELL
                                                  U.S. District Judge